## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| C'LINA SABILLON, individually and on behalf of all others similarly situated, | Civil Case Number:  6:17-cv-278 |
| Plaintiff, | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| QUALIA COLLECTION SERVICES, | |
| Defendant. | |

Plaintiff C'LINA SABILLON (hereinafter, "Plaintiff"), a Texas resident, brings this class action complaint by and through the undersigned attorneys against Defendant QUALIA COLLECTION SERVICES (hereinafter "QCS" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Texas consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9.  Plaintiff is a natural person and a resident of Bell County in the State of Texas, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant QUALIA COLLECTION SERVICES is a collection agency with its registered agent CSC located at 601 Abbot Road, East Lansing, Michigan 48823.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to February 27, 2017, Plaintiff incurred an obligation that arose out of a transaction for personal, family or household purposes.

15. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. Defendant contends that the debt is past due.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

18. The creditor of this obligation directly or through an intermediary contracted the Defendant to collect the alleged debt.

19. On or about February 27, 2017, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged debt. *See* **Exhibit A.**

20. Upon information and belief, the February 27, 2017 letter was the first communication between the Defendant and Plaintiff regarding the alleged debt.

21. The February 27, 2017 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. The February 27, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23. The Plaintiff received and read the Letter sometime after February 27, 2017.

24. The Letter stated in part:

|  |  |
|---|---|
| Original Creditor: | Chase Bank N.A. |
| Current Creditor: | Capital One N.A. |
| RE: | Kohl's Dept. Stores Inc. |

25. The Letter further stated:

> "Your account has been assigned to our agency by Kohl's Dept. Stores Inc. for collection."

26. By referencing a different company from the current creditor listed, the plaintiff was left unsure as to which creditor for whom the Defendant was seeking to collect.

27. Pursuant to 15 U.S.C. §1692g(a)(2) a debt collector must within five days after the initial communication, send the consumer a written notice containing the name of the creditor to whom the debt is owed.

28. The obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

29. To comply with §1692g, more is required than merely including the required disclosure in

a letter to consumers; the required disclosure must also "be set forth in a form and within a context that does not distort or obfuscate its meaning." *Peter v. GC Servs. L.P.,*310 F.3d 344, 348 (5th Cir.2002)

30. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

31. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

32. The rights afforded to consumers under Section 1692g are amongst the most powerful protections provided by the FDCPA. A consumer who receives notice of the rights provided by that section, and who exercises his right to dispute the debt, has the power to stop collection activity until verification of the debt is provided.

33. By failing to identify the current creditor to whom the debt is owed, the Defendant caused the Plaintiff real harm, by depriving her of information which she had a statutorily granted right to receive.

## **CLASS ALLEGATIONS**

34. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in Bell County, Texas b) who were sent an initial collection letter from the Defendant c) attempting to collect a consumer debt d) which does not clearly identify the creditor to whom the debt is allegedly owed (e) which

letter was sent on or after a date one year prior to the filing of this action and on or before

a date 21 days after the filing of this action.

35. The identities of all class members are readily ascertainable from the records of

Defendants and those companies and entities on whose behalf they attempt to collect

and/or have purchased debts.

36. Excluded from the Plaintiff Classes are the Defendants and all officers, members,

partners, managers, directors, and employees of the Defendants and their respective

immediate families, and legal counsel for all parties to this action and all members of

their immediate families.

37. There are questions of law and fact common to the Plaintiff Classes, which common

issues predominate over any issues involving only individual class members. The

principal issue is whether the Defendants' written communications to consumers, in the

forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e and 1692g.

38. The Plaintiffs' claims are typical of the class members, as all are based upon the same

facts and legal theories.

39. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes

defined in this complaint. The Plaintiffs have retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously

pursue this action.

40. This action has been brought, and may properly be maintained, as a class action pursuant

to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community interest in the litigation:

(a)    **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis, allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)    **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e and 1692g.

(c)    **<u>Typicality:</u>** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)    **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that

individual actions would engender.

41. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 1692g.

45. The Defendant violated said provision by using false representation or deceptive means to collect or attempt to collect a debt in violation of 1692e(10).

46. The Defendant further violated said provision by failing to clearly convey the name of the current creditor in violation of 1692g(a)(2).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692 *et seq.* of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned attorneys, as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: October 9, 2017          By:    s/ Daniel Zemel_____
                                        Daniel Zemel, Esq.
                                        ZEMEL LAW, LLC
                                        78 John Miller Way, Suite 430
                                        Kearny, New Jersey 07032
                                        Phone: (862) 227-3106
                                        Facsimile: (862) 204-5901
                                        Email: dz@zemellawllc.com
                                        *Attorneys for Plaintiff*

                                **PRO HAC VICE APPLICATION TO BE FILED**
                                        Yitzchak Zelman, Esq.
                                        MARCUS ZELMAN, LLC
                                        1500 Allaire Avenue, Suite 101
                                        Ocean, New Jersey 07712
                                        Phone: (732) 695-3282
                                        Facsimile: (732) 298-6256
                                        Email: yzelman@marcuszelman.com
                                        *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: October 9, 2017                    By:    s/ Daniel Zemel_____
                                                   Daniel Zemel, Esq.